1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**DISTRICT OF NEVADA**

7

* * *

8

TONYA RUSHING,

Case No. 2:13-cv-00683 -APG-GWF

9

Plaintiff,

**Order Denying Plaintiff's Motion to Remand**

10

v.

11

NEVADA MUTUAL INSURANCE
COMPANY, *et al.*,

12

13

Defendants.

14
15
16
17
18
19

Plaintiff Tonya Rushing ("Rushing") filed her original Complaint in the Eighth
Judicial District Court for Clark County, Nevada on January 8, 2013.   Defendant
Evanston Insurance Company ("Evanston") was served with copies of the Amended
Complaint and Summons no earlier than March 22, 2013.  Evanston filed its Notice of
Removal on April 22, 2013.  Thus, removal was timely.

20

Rushing is a resident of Clark County, Nevada.   None of the Defendants is

21

incorporated in, or has its principal place of business in, Nevada.  Rushing does not

22

dispute that diversity of citizenship exists.   Rather, Rushing asserts that Defendants

23

have not proven that the amount in controversy exceeds this Court's $75,000 diversity

jurisdictional limit.

24
25

Rushing's Amended Complaint seeks reimbursement of defense costs she

26

incurred in connection with 94 lawsuits filed against her and others in Nevada courts in

27

2009.  Rushing contends that the Defendants refused to defend her in those lawsuits, in

28

breach of their insurance obligations.  In addition to reimbursement of her defense costs,

1    Rushing seeks consequential damages, "special damages," punitive damages,
2    reimbursement for the attorney's fees and costs she incurs in pursuing this lawsuit, and
3    prejudgment interest.   Pursuant to Nevada state court pleading rules, Rushing's
4    Amended Complaint states only that she seeks damages in excess of $10,000.

5         "[I]n cases where a plaintiff's state court complaint does not specify a particular
6    amount of damages, the removing defendant bears the burden of establishing, by a
7    preponderance of the evidence, that the amount in controversy exceeds" $75,000.
8    *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  "Under this
9    burden, the defendant must provide evidence establishing that it is 'more likely than not'
10   that the amount in controversy exceeds that amount." *Id.*

11        "Where a complaint is unclear as to the total amount of damages sought, but
12   alleges only upper or lower limits or types of damages, a district court is free in its
13   preponderance-of-the-evidence analysis to make estimations of the amount of damages
14   that could be obtained consistent with the vague wording of the complaint." *Elliker v.*
15   *Contractors Bonding & Ins. Co.*, 3:12-CV-00438-RCJ, 2013 WL 757621 (D. Nev. Feb.
16   27, 2013) (*citing Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700–01 (9th Cir.
17   2007).  The Eleventh Circuit Court of Appeals has held that in making such analyses,
18   district courts can make "reasonable deductions, reasonable inferences, or other
19   reasonable extrapolations from the pleadings to determine whether it is facially apparent
20   that a case is removable," and "may use their judicial experience and common sense in
21   determining whether the case stated in a complaint meets federal jurisdictional
22   requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-1062 (11th Cir. 2010).
23   This approach is consistent with the Supreme Court's holding in *Ashcroft v. Iqbal,* 556
24   U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for
25   relief . . . requires the reviewing court to draw on its judicial experience and common
26   sense"). *Id.* at ftnt. 5.

27

28

1
2
3
4
5
6
7

Rushing's Motion to Remand asserts that in 2009 she was named as a defendant in 94 "underlying Endoscopy lawsuits," which included 4,500 plaintiffs. (Dkt. #9 at 2:6-9.) Her Motion also asserts that the instant case involves only the defendant insurers' duty to defend the 94 cases, and not their duty to indemnify. (*Id.* at 3:3-4.)  Notably, Rushing does not deny that her damages exceed $75,000, and she never discloses the actual amount of the defense costs she claims to have incurred in the underlying cases, despite the fact that those lawsuits are now completed and the costs should be known.

8
9
10
11
12
13
14
15
16

Evanston has offered sufficient evidence to establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  In describing the fees she incurred in connection with the 94 lawsuits, in a February 2013 state court filing Rushing stated that "[a]s a result of this Defendants [sic] refusal to defend Rushing, she was forced to retain her own attorney as [sic] her own expense, which has cost her hundreds of thousands of dollars." (*See* Tonya Rushing's Opposition to Nevada Mutual's Motion to Dismiss at page B-4, lines 21-22, attached to Evanston's Request for Judicial Notice [Dkt. #14] as Exhibit B [Dkt. #14-2].)  Later in that filing, Ms. Rushing asserted:

17
18
19
20

> This breach forced Plaintiff Rushing to pay for her own legal defense. . . . The financial cost to the Plaintiff has been substantial, to defend herself and obtain dismissals in over a hundred lawsuits has personally cost her over a hundred thousand dollars. . . . This breach of this Defendant is personal to Ms. Rushing, and deals with her attorney fees, costs and consequential damages associated with that breach.

21
22
23
24
25
26
27

(*Id.* at B-6, lines 12-23.)  In other state court filings, Rushing referred to "undertaking costly discovery and motion practice," and stated that the lawsuits "cost her dearly and drained her life savings." (*See* Affidavit of Justin Wilson, ¶ 6, page C-23, line 18 through page C-24, line 3, *and* Rushing's Motion for Determination of Good Faith Settlement at page C-27, line 7, both of which are attached to Evanston's Request for Judicial Notice [Dkt. #14] as Exhibit C [Dkt. #14-4].)  This evidence satisfies Defendants' burden of proof that the amount in controversy exceeds $75,000.

28

1       In her Reply, Rushing states that "[t]his case only involves attorney fees and costs

2   generated at the time of the initial filing of the Complaint, and many of these Complaints

3   were, [sic] which is a claim the plaintiff is currently dismissing." *See* Reply at 2:17-19.

4   Yet Rushing does not argue (and offers no evidence) that she is seeking less than

5   $75,000 in this lawsuit.  It is apparent that Rushing is trying to "sandbag" defendants by

6   not stating a damage amount in this federal court proceeding, and hoping to spring upon

7   them a larger number if the case is remanded to state court.  Hiding from the court

8   evidence relevant to the diversity jurisdiction inquiry may expose a party to sanctions. *Itel*

9   *Containers Int'l Corp. v. Puerto Rico Marine Mgmt., Inc.*, 108 F.R.D. 96, 102 (D.N.J.

10  1985) ("falsity may lie in omission as well as commission").  Such tactics waste the time

11  and resources of the Court and the parties.  Plaintiff and her counsel (as an officer of the

12  Court) are hereby warned that if similar tactics are employed in the future, sanctions may

13  be warranted.

14      Based on the foregoing, Plaintiff's Motion to Remand is hereby **DENIED**.

15      Dated: June 10, 2013.

16                                      ANDREW P. GORDON

17                                      UNITED STATES DISTRICT JUDGE