UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TONYA RUSHING,<br><br>　　　　Plaintiff,<br><br>v.<br><br>EVANSTON INSURANCE COMPANY; NEVADA MUTUAL INSURANCE COMPANY, INC.; ST. PAUL FIRE & MARINE INSURANCE COMPANY; UNITED STATES FIDELITY AND GUARANTY COMPANY; and TRAVELERS INDEMNITY COMPANY OF AMERICA,<br><br>　　　　Defendants. | Case No. 2:13-cv-00683-APG-GWF<br><br>ORDER GRANTING EVANSTON INSURANCE COMPANY'S MOTION TO DISMISS AND GRANTING LEAVE TO AMEND<br><br>(Dkt. No. 4) |

I.   **BACKGROUND**

As relevant to the pending motion to dismiss filed by Evanston Insurance Company ("Evanston") (Dkt. No. 4), plaintiff Tonya Rushing ("Rushing") alleges the following:

Rushing is and/or was the principal of Healthcare Business Solutions, LLC ("HBC"). Evanston maintained a professional liability policy that covered HBC and Rushing, identified by policy numbers MG-826733 and EO-839477. (Compl. ¶ 12.) Evanston issued this policy sometime between April 16, 2009 and June 25, 2010. (*Id.* ¶ 21.) Under the policy, Evanston owed Rushing the duty to defend and the duty to indemnify. (*Id.* ¶ 13.)

On or about February 3, 2010, Rushing advised Evanston of the "numerous lawsuits" that had been filed against Rushing. (*Id.* ¶ 16.) Rushing demanded that Evanston defend and indemnify her. (*Id.*) Rushing then submitted a tender of defense to Evanston. (*Id.* ¶ 17.)

Evanston "improperly and in violation of the insurance contract" refused to defend her and denied coverage. (*Id.* ¶ 18.)

Later, on an unknown date, Rushing was named as a defendant in additional lawsuits with "new parties and/or new causes of action." (*Id.* ¶ 19.) Rushing again sought assistance from Evanston, which again refused to defend her.

On March 19, 2013, Rushing filed suit in Nevada state court. (Dkt. No. 1 at 13.) She claims breach of contract, breach of the duty of good faith and fair dealing, and punitive damages. On April 22, Evanston removed the case to this Court, and moved to dismiss under Rule 12(b)(6).[1] For the reasons set forth below, the Court grants the motion without prejudice, and grants Rushing leave to amend.

II.   **ANALYSIS**

  A.   **Legal Standard — Motion to Dismiss**

A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a complaint must "contain[] enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted).

District courts must apply a two-step approach when considering motions to dismiss. *Id.* at 679. First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor. *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247–48 (9th Cir. 2013). Legal conclusions, however, are not entitled to the same

---

[1] On June 10, 2013, the Court denied Rushing's motion to remand this case to state court. (Dkt. No. 20.)

assumption of truth even if cast in the form of factual allegations. *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 663. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and citation omitted). When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the [district] court to draw on its judicial experience and common sense."[2] *Iqbal*, 556 U.S. at 679.

### B. First Claim — Breach of Contract

Under Nevada law, breach of contract has three elements: (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damage as a result of the breach. *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919–20 (D. Nev. 2006) (citing *Richardson v. Jones*, 1 Nev. 405, 405 (Nev. 1865)). Plaintiff fails to plead facts sufficient to support the first two elements. She alleges that she acquired the Evanston policy sometime between April 16, 2009 and June 25, 2010, yet she advised Evanston of the "numerous lawsuits" on February 3, 2010. The Court cannot reasonably infer that she purchased the policy before these lawsuits were filed. *See Iqbal*, 556 U.S. at 663. As to breach, there is no basis for the Court to reasonably infer that Evanston

---

[2] Notwithstanding Rushing's vehement argument to the contrary, the Federal Rules of Civil Procedure govern the pleadings in federal court. Nevada's notice pleading regime is not applicable in federal court, even if the case was originally filed in state court and then removed to this Court. *Andresen v. Diorio*, 349 F.3d 8, 17 (1st Cir. 2003) ("[U]nder standard *Erie* doctrine, state pleading requirements, so far as they are concerned with the degree of detail to be alleged, are irrelevant in federal court even as to claims arising under state law." (citing *Hanna v. Plumer*, 380 U.S. 460, 466–74 (1965)); 5 ARTHUR R. MILLER ET AL., FEDERAL PRACTICE & PROCEDURE § 1204 (3d ed. 2013) ("The manner and details of pleading in the federal courts are governed by the Federal Rules of Civil Procedure regardless of the source of substantive law to be applied in the particular action.").

breached the policy. Without factual allegations of the relevant policy terms and the causes of action in the cases in which Rushing is a defendant, the Court cannot determine whether Evanston plausibly breached the contract. For example, if Evanston is a defendant in an intentional tort action, and the policy does not cover intentional torts, then Evanston may have had a basis to refuse to defend Rushing. The opposite could be true, depending on the terms of the policy and the claims against Rushing.

In essence, the Complaint merely restates the elements of breach of contract. *Id.* at 678. The Court therefore dismisses this claim.[3]

### C. Second Claim — Breach of the Covenant of Good Faith and Fair Dealing

Under Nevada law, "[b]ad faith is the absence of a reasonable basis for denying benefits . . . and the defendant's knowledge or reckless disregard for the lack of a reasonable basis for denying the claim." *Pioneer Chlor Alkali Co., Inc. v. Nat'l Fire Ins. Co. of Pittsburgh, Pa.*, 863 F. Supp. 1237, 1242 (D. Nev. 1994). More succinctly, "[b]ad faith is established where the insurer acts unreasonably and with knowledge there is no reasonable basis for its conduct." *Guar. Nat'l Ins. Co. v. Potter*, 912 P.2d 267, 272 (Nev. 1996). Thus, a bad faith claim has both an objective element and a subjective element.

Rushing pleads only one non-conclusory factual allegation in connection with this claim—that Evanston "failed to re-evaluate its position following the filing of the various Amended Complaints." (Compl. ¶ 28.) But without knowing the factual content of those amended complaints, this allegation is essentially worthless. Rushing alleges no facts to support the required elements of objective and subjective wrongdoing—that Evanston unreasonably denied her request for a defense and that Evanston knew that its conduct was unreasonable.

Accordingly, the Court dismisses this claim. *See Iqbal*, 556 U.S. at 663, 678.

---

[3] The Court cannot consider the additional facts pled in Rushing's response to the motion (Dkt. No. 15). *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss. . . . [However,] [f]acts raised for the first time in plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice." (internal quotation marks and citation omitted)).

### D. Third Claim — Punitive Damages

Without the underlying claim for bad faith, there is no basis for punitive damages. *See Road & Highway Builders v. N. Nev. Rebar*, 284 P.3d 377, 383 (Nev. 2012) (punitive damages are not available for breach of contract). In addition, Rushing pleads no facts to support her claim for punitive damages. She simply repeats the legal standard for punitive damages, and conclusorily asserts that Evanston's conduct meets that standard. This is plainly insufficient. *See Iqbal*, 556 U.S. at 663, 678. The Court dismisses this claim.

## III. CONCLUSION

In accord with the above, the Court hereby ORDERS:

1. Evanston's motion to dismiss (Dkt. No. 4) is GRANTED.
2. Rushing has 30 days from the entry of this Order to file an amended complaint curing the defects discussed above. If she does not file an amended complaint, the Court will dismiss all claims against Evanston.

DATED this 11th day of February, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE